UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELLEN K. FUJAWA, as CHAPTER 11 OPERATING TRUSTEE OF DECA FINANCIAL SERVICES, LLC and TODD WOLFE, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>ECMC GROUP, INC., *et al.*, <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) Case No. 1:13-cv-01222-DML-TWP ) ) ) ) |

## Order on Defendants' Motion to Dismiss and Motion to Abstain

This matter is before the court on a motion by the defendants brought under Fed. R. Civ. Proc. 12(b)(6) to dismiss the plaintiffs' complaint because it fails to state a claim upon which relief can be granted. (Dkt. 34). The defendants also filed a motion requesting the court to abstain from exercising jurisdiction under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976), because of a proceeding filed in the Marion Superior Court. (Dkt. 36). Because the court will reach the merits of the defendants' Rule 12(b)(6) motion (and the status of the Marion Superior Court proceeding is unclear), it DENIES AS MOOT the

defendants' abstention motion.[1] But, for the following reasons, the court GRANTS the defendants' motion to dismiss under Rule 12(b)(6).[2]

## Procedural History

DECA Financial Services, LLC and its principal, Todd Wolfe, filed their complaint on July 31, 2013. They allege that the defendants violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, by (a) engaging in a conspiracy to exclude DECA and Mr. Wolfe from contracting opportunities in the collection of federal student loan debt under contracts awarded by the Department of Education and (b) monopolizing or attempting to monopolize a "market for tax collections for the State of Indiana." In October 2013, the defendants filed (among other things) a motion to dismiss the complaint and a motion to disqualify plaintiffs' counsel. The court stayed briefing on all motions pending briefing and decision on the motion to disqualify the plaintiffs' counsel. Eventually, plaintiffs' outside counsel moved to withdraw their appearances (which the court granted), and plaintiff DECA's in-house counsel notified the court that he longer was employed by DECA and would not otherwise appear or represent DECA. On February 5, 2014, the court ordered

---

[1] A request that the court abstain under the *Colorado River* doctrine does not challenge the court's subject matter jurisdiction, so the court need not resolve it to reach the merits of the defendants' Rule 12(b)(6) motion. *See Sprint Communications v. Jacobs,* 134 S. Ct. 584 (2013) (parallel state court proceedings do not detract from a federal court's "'virtually unflagging'" obligation to hear and decide a case) (quoting *Colorado River,* 424 U.S. at 817).

[2] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* Order of Reference at Dkt. 45.

DECA and Mr. Wolfe to file their responses to the defendants' Rule 12(b)(6) and abstention motions no later than March 3, 2014. Neither did so.

On February 21, 2014, an involuntary petition in bankruptcy was filed against DECA in the Southern District of Indiana (Case No. 14-01093-RLM-11). On April 9, 2014, this court issued an order requiring Mr. Wolfe to show cause why his claims should not be dismissed for failing to prosecute them, and requesting a status report from the petitioning creditors regarding their knowledge of DECA's intent to pursue its claims. (Dkt. 67). On May 20, 2014, Mr. Wolfe (by new counsel) responded to the show cause order and requested additional time to respond to the motion to dismiss, which the court denied. (Dkt. 77). On May 5, 2014, the bankruptcy court-appointed Chapter 11 Operating Trustee of DECA requested that she be substituted for DECA as the party plaintiff (Dkt. 73), and this court granted the request on June 9, 2014. (Dkt. 75).

On June 10, 2014, as part of the court's order on Mr. Wolfe's request for additional time to respond to the motion to dismiss, the court addressed Mr. Wolfe's purported request on behalf of DECA's Operating Trustee for additional time for DECA to respond to the motion to dismiss. The court stated that "[i]f DECA seeks another opportunity to respond to the defendants' motions, it must unambiguously seek that relief for itself," and stated that "absent compelling circumstances, the court is unlikely to excuse DECA's earlier failure to comply with the court's prior orders." (Dkt. 77). Other than requesting her substitution for DECA as the party

3

plaintiff, DECA's Operating Trustee has not otherwise filed anything or sought any relief from the court.

## Decision

Before reaching the merits of the defendants' motion to dismiss, the court first comments on the effect of DECA's bankruptcy. The court finds that DECA's bankruptcy proceeding does not prevent it from ruling on the merits of DECA's claims by deciding the defendants' motion to dismiss. The defendants have provided substantial authority that the stay provision under the bankruptcy code, 11 U.S.C. § 362(a)(1), does not apply to prevent a party from defending through a motion to dismiss a lawsuit brought by a debtor, and a court's ruling on such a motion does not constitute obtaining "possession or control" over property of the debtor's estate within the meaning of 11 U.S.C. § 362(a)(3). (*See* Dkt. 62). Further, DECA's Operating Trustee has filed nothing to suggest otherwise.

On the merits of the Rule 12(b)(6) motion, the court determines that the defendants' arguments regarding the legal insufficiency of the plaintiffs' claims are persuasive. In particular, the court decides that the plaintiffs' antitrust claims fail, and the complaint does not state a claim upon which relief can be granted, because the complaint does not plausibly allege (a) a conspiracy, (b) antitrust injury, or (c) market or monopoly power in a properly defined relevant market. *See* defendants' motion to dismiss, Dkt. 35, at pp. 6-16. Neither Mr. Wolfe nor DECA has argued otherwise.

## Conclusion

The defendants' request for ruling (Dkt. 62) is GRANTED. The defendants' Rule 12(b)(6) motion (Dkt. 34) is GRANTED. The plaintiffs' complaint is DISMISSED because it fails to state a claim upon which relief can be granted. The defendants' abstention motion (Dkt. 36) is DENIED AS MOOT.

So ORDERED.

Dated: September 29, 2014

                                            Debra McVicker Lynch
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system